Nott, J.
The notes on which this action was brought, were given to John Bowie, as clerk of Ab-beville county court, for the use of the county. Shortly after they were given, the county became indebted to Mr. Shaw, to a greater amount for services rendered as cpunty attorney. The judges of the county court, having the controul of the county funds, ordered the clerk to liquidate and pay his account. In this situation, matters rested about twenty years; and ten years after the abolition of the county fcourts, without any demand for payment being made on either side.
The time which has elapsed since the giving of these notes, under the circumstances of this case, affords sufficient evidence of payment, independent of the statute of limitations, which is a sufficient bar. At least such long acquiescence, must be construed *485 into a tacit consent on both sides, that each demand should be set off against the other.
With regard to the subsequent promise of the defendant to pay it, was no more than this : that he had forgotten that there was any such demand against him; but if there was, it must be paid. Shortly afterwards, being called upon again, he said the county owed him enough to satisfy these notes.
It is not extraordinary after twenty years had passed away in silence, and when he supposed the notes virtually paid, that he should have forgotten that they ever existed. And his promise ought not to be construed into any thing more than a willingness to do what (under existing circumstances) he was legally and equitably bound to do. It cannot weaken the claim which he before had to set off his demands against the other. This verdict, therefore, ¡ought to be set aside, and a new trial granted.
Justices Colcock and Brevard concurred.